IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JOSEPH J. TANNER,

       Plaintiff,

v.

WELLS FARGO BANK N.A., and
FIDELITY NATIONAL TITLE INS,
CO.,

       Defendants.

3:15-CV-02040-BR

OPINION AND ORDER

JOSEPH J. TANNER
2321 S.E. 142nd
Portland, OR 97223

       Plaintiff, *Pro Se*

**MOLLY J. HENRY**
Keesal, Young & Logan
1301 Fifth Ave
Suite 3100
Seattle, WA 98101
(206) 622-3790

       Attorneys for Defendant Wells Fargo Bank N.A.

**BROWN, Judge.**

This matter comes before the Court on Defendant Wells Fargo Bank N.A.'s Motion (#7) for Judgment on the Pleadings. For the reasons that follow, the Court **GRANTS** Defendant's Motion and **DISMISSES** this matter **with prejudice**.

## BACKGROUND

The following facts are taken from Plaintiff's Complaint and Defendant Wells Fargo Bank's Motion for Judgment on the Pleadings.

On October 20, 2012, Plaintiff Joseph Tanner signed a Promissory Note with Wells Fargo secured by property located at 2321 S.E. 142nd Avenue, Portland, Oregon. On October 20, 2012, Plaintiff also entered into a Trust Deed as the to that property as borrowers with Defendant Fidelity National Title as Trustee and Wells Fargo as lender. The Trust Deed was recorded in Multnomah County, Oregon, on October 23, 2012.

On July 9, 2014, Fidelity National Title executed an Appointment of Successor Trustee in which it appointed Clear Recon Corporation[1] as successor Trustee of the Plaintiff's Trust Deed. On July 11, 2014, the Assignment of Successor Trustee was recorded in Multnomah County.

At some point Plaintiff defaulted on his loan.

---

[1] Clear Recon Corporation is not a party to this action.

On April 10, 2015, Clear Recon Corporation recorded in Multnomah County a Notice of Default and Election to Sell Plaintiff's property.  Clear Recon Corporation alleged Plaintiff had defaulted on his Note and set a date of August 25, 2015, for a trustee sale of Plaintiff's property.

On August 24, 2015, Plaintiff filed a complaint in Multnomah County Circuit Court against Wells Fargo and Fidelity National Title in which he alleged claims for wrongful foreclosure, slander of title, breach of contract, and unlawful trade practices.  Plaintiff did not serve Defendants.  Instead Plaintiff filed an *ex parte* motion for an order restraining the sale of the property, which the Multnomah County Circuit Court denied on September 10, 2015.

On September 10, 2015, Clear Recon Corporation sold Plaintiffs' property to Wells Fargo, who took title to the property via a Trustee's Deed recorded in Multnomah County on September 16, 2015.

On October 16, 2015, Wells Fargo received a copy of the state-court complaint by certified mail.

On October 29, 2015, Wells Fargo removed the matter to this Court on the basis of diversity jurisdiction.

On December 22, 2015, Wells Fargo filed a Motion for Judgment on the Pleadings.  The Court took Plaintiff's Motion under advisement on January 11, 2016.

On February 2, 2016, the Court issued an Order to Show Cause in which it ordered Plaintiff to show cause in writing no later than February 17, 2016, why Fidelity National Title Insurance Company should not be dismissed from this matter for failure to prosecute.  Plaintiff failed to show cause in writing.

On March 4, 2016, the Court entered a Judgment dismissing Defendant Fidelity National Title Insurance Company without prejudice.

## STANDARDS

Federal Rule of Civil Procedure 12(c) provides:

> After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings.  If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

For purposes of a motion pursuant to Rule 12(c), the court must accept the nonmoving party's allegations as true and view all inferences in a light most favorable to the nonmoving party. *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009).  A judgment on the pleadings is properly granted when, taking all allegations in the nonmoving party's pleadings as true, the moving party is entitled to judgment as a matter of law. *Compton Unified Sch. Dist. v. Addison*, 598 F.3d 1181, 1185 (9th Cir.

4 - OPINION AND ORDER

2010). "To survive a Rule 12(c) motion, the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Davis v. Astrue*, Nos. C-06-6108 EMC, C-09-0980 EMC, 2011 WL 3651064, at *1 (N.D. Cal. Aug. 18, 2011)(citation omitted). *See also Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 n.4 (9th Cir. 2011)(A Rule 12(c) motion is "functionally identical to a Rule 12(b)(6) motion to dismiss for failure to state a claim, and therefore the same legal standard applies.").

## DISCUSSION

Wells Fargo moves for judgment on the pleadings as to all of Plaintiff's claims on the grounds that Plaintiff has not satisfied the contractual notice-and-cure requirement, Plaintiff's claims are barred by Oregon Revised Statute § 86.797, and/or Plaintiff fails to state a claim for relief.

### I. Plaintiff has not satisfied the contractual notice-and-cure requirement.

All of Plaintiff's claims in his Complaint arise from Plaintiff's assertion that Defendants wrongfully foreclosed on the Deed of Trust. The Deed of Trust, however, contains the following provision:

> Neither Borrower nor Lender may commence . . . any judicial action . . . that arises from the other party's actions pursuant to this Security Instrument or that alleges that the other party has breached any provision of, or any duty owed by

5 - OPINION AND ORDER

> reason of, this Security Instrument, until such
> Borrower or Lender has notified the other party .
> . . of such alleged breach and afforded the other
> party hereto a reasonable period after the giving
> of such notice to take correction action.

Def.'s Mot. for Judgment on the Pleadings, Ex. A at 12. Plaintiff does not plead, and Wells Fargo asserts Plaintiff cannot plead, that he gave notice to Defendants or gave Defendants the opportunity to cure before Plaintiff filed his complaint.

Courts in this District have found plaintiffs' claims for breach of contract and breach of the Oregon Trust Deed Act, Oregon Revised Statute § 86.705-86.795, are barred when a plaintiff fails to allege compliance with similar notice-and-cure provisions in trust deeds. *See, e.g., Hayes v. Wells Fargo Bank, N.A.*, No. 3:15-CV-00651-PK, 2015 WL 5707054, at *5 (D. Or. Sept. 28, 2015)(dismissing breach-of-contract claim with prejudice due to the plaintiff's failure to allege compliance with identical notice-and-cure provision); *Roisland v. Flagstar Bank, FSB*, 989 F. Supp. 2d 1095, 1107 (D. Or. Nov. 15, 2013) (same); *Higley v. Flagstar Bank, FSB*, 910 F. Supp. 2d 1249, 1253 (D. Or. Dec. 21, 2012)(the plaintiff's claim that the defendant violated Oregon Revised Statute § 86.705 was barred by the plaintiff's failure to allege facts showing compliance with identical notice-and-cure provision). The Court adopts the reasoning of *Hayes, Roisland,* and *Highley* and concludes

6 - OPINION AND ORDER

Plaintiff's claims are barred by his failure to allege facts that establish he complied with the notice-and-cure provision of the Trust Deed.

## II. Plaintiff's claims are barred by Oregon Revised Statute § 86.797.

Even if Plaintiff's claims were not barred by his failure to comply with the notice-and-cure provision of the Trust Deed, Wells Fargo asserts Plaintiff's claims are barred by Oregon Revised Statute § 86.797(1)(formerly § 86.770) because Plaintiff received notice of the foreclosure sale as required by Oregon Revised Statute § 86.764, the foreclosure sale was completed, and the property was sold to a *bona fide* purchaser.

Oregon Revised Statute § 86.797(1) provides:

> If, under ORS 86.705 to 86.815, a trustee sells property covered by a trust deed, the trustee's sale forecloses and terminates the interest in the property that belongs to a person to which notice of the sale was given under ORS 86.764 and 86.774 or to a person that claims an interest by, through or under the person to which notice was given.  A person whose interest the trustee's sale foreclosed and terminated may not redeem the property from the purchaser at the trustee's sale. A failure to give notice to a person entitled to notice does not affect the validity of the sale as to persons that were notified.

This Court, other judges in this District, and Oregon state courts have held § 86.797 and its predecessor § 86.770 bar rescission of a foreclosure sale when a borrower has received the notice required under § 86.764 and the property is sold to a *bona fide* purchaser.

7 - OPINION AND ORDER

For example, in *Mikityuk v. Northwest Trustee Services, Inc.*, the court addressed whether the plaintiffs who admitted they were in default and had received notice of a trustee's sale could challenge the validity of the sale after the trustee's sale was conducted and the purchase of the property by a *bona fide* purchaser was recorded. No. 3:12-CV-1518-PA, 2013 WL 3388536, at *3 (D. Or. June 26, 2013). In *Mikityuk* the plaintiffs defaulted on the promissory note and trust deed securing their property. The defendants sold the plaintiffs' property to a *bona fide* purchaser at a trustee sale after the defendants provided the plaintiffs with notice of the sale. The plaintiffs filed an action to have the sale set aside after the sale was completed and the transfer of the trust deed was recorded. The defendants moved to dismiss on the ground that "ORS 86.770(1) requires any challenges to a non-judicial foreclosure . . . [to] be made before the trustee's sale." *Id.*, at *3. The court analyzed the terms of § 86.770(1) and concluded the statute was "ambiguous as to when a trustee's sale 'forecloses and terminates' another's property interest." *Id.*, at *4. The court also concluded the statute was ambiguous as to "whether one whose interest was foreclosed by the trustee's deed may raise post-sale challenges to the proceedings." *Id.* After reviewing § 86.770 in the context of the Oregon Trust Deed Act (OTDA) as a whole, the legislative history, and Oregon cases involving the issue of

post-sale challenges to foreclosures, the court concluded § 86.770(1) bars challenges to the validity of a trustee's sale after the sale is completed and the purchase of the property by a *bona fide* purchaser is recorded. *Id.*, at *10. The court noted

> [t]he legislature provided notice and reinstatement provisions to protect grantors against the threat of wrongful foreclosure. Voiding the sale here would encourage grantors who receive notice of a sale to sit on their rights, rather than compelling grantors to bring pre-sale challenges to a trustee's sale. Grantors are wise to raise any challenges to non-judicial foreclosure proceedings, including challenges based on ORS 86.735, before the statutory presumption of finality contained in ORS 86.780. Post-sale challenges run the risk of being barred, as is the case here, because the grantors' interest in the property was "foreclosed and terminated" pursuant to ORS 86.770(1).

*Id.*, at *10. The court, therefore, granted the defendants' motion to dismiss.

In *Chen v. Bank of America, N.A.*, the plaintiff filed an action to set aside a completed nonjudicial foreclosure sale on the ground that, among other things, the Notice of Default and Election to Sell was not signed or dated by a "notorial officer" in violation of the provisions of the Oregon Trust Deed Act. No. 3:12-CV-194-PA, 2013 WL 3929854, at *1 (D. Or. July 25, 2013). The plaintiff admitted he received notice of the defendants' intention to sell the plaintiff's property, that his property had been sold, and that the transfer of the Trust Deed had been recorded before he filed his action to set aside the

9 - OPINION AND ORDER

sale. *Id.* The court concluded:

> Like the plaintiffs in *Mikityuk*, plaintiff's challenges to the non-judicial foreclosure sale here are barred. As plaintiff received advance notice of the sale, his interest in the property was "foreclosed and terminated." ORS 86.770(1). Plaintiff's argument that notice here was ineffective because it was not signed and dated by a notorial officer is meritless. The time to make such a challenge is long passed. As discussed in *Mikityuk*, the notice provisions of the Oregon Trust Deed Act reflect the legislature's intent to provide those whose property interests could be affected by a trustee's sale sufficient time to act to protect those interests before the sale. 2013 WL 3388536 at *6 (citing *Staffordshire Investments, Inc. v. Cal-Western Reconveyance Corp.*, 209 Or. App. 528, 542 (2006); *NW Property Wholesalers, LLC v. Spitz*, 252 Or. App. 29, 34 (2012)).
>
> Although plaintiff here had sufficient time to raise any of the current challenges before the sale, he chose instead to raise such challenges after the trustee's sale and recording of the trustee's deed. Plaintiff's challenges to the trustee's sale are barred, as plaintiff's interest in the property was foreclosed and terminated.

*Id.*, at *2 (quotation omitted).

The Court adopts the reasoning of *Mikityuk*, *Chen*, and other similar cases in this District and in Oregon courts. *See, e.g., Hayes*, 2015 WL 5707054, at *3; *Liu v. Northwest Trustee Svs., Inc.*, No. 3:12-CV-00484-BR, 2014 WL 657000, at *4 (D. Or. Feb. 19, 2014); *Nelson v. Am. Home Mortg. Svc., Inc.*, No. 3:13-CV-00306-BR, 2013 WL 3834656, at *4 (D. Or. July 24, 2013); *Hart v. Pacific Trust Bank,* No. 1:12-CV-705-PA, 2013 WL 4829172, at *2 (D. Or. Sept. 9, 2013); *Offenbacher-Afolau v. ReconTrust,*

10 - OPINION AND ORDER

Multnomah County Circuit Court Case No. 1202-02429, at 2 ("[P]laintiff is statutorily barred under ORS 86.770 from challenging a completed foreclosure sale of which she had notice. No amendment will cure this jurisdiction defect, and, accordingly, the Court finds the dismissal shall be with prejudice.").

Here Plaintiff received notice of the foreclosure sale within the time required under the OTDA, the property was sold to a *bona fide* purchaser, and the sale of the property was recorded. The Court concludes on this record that Plaintiff's claim is barred under § 86.797(1) and, therefore, grants Defendant's Motion for Judgment on the Pleadings.

Based on the reasoning in *Chen*, the Court also concludes Plaintiff cannot amend his Complaint to cure the bar on his claims under § 86.797. Accordingly, the Court dismisses Plaintiff's claims against Wells Fargo with prejudice.

## CONCLUSION

For these reasons, the Court **GRANTS** Wells Fargo Bank N.A.'s Motion (#7) for Judgment on the Pleadings and **DISMISSES**

Plaintiff's claims against Wells Fargo **with prejudice**.

IT IS SO ORDERED.

DATED this 11th day of March, 2016.

_____
ANNA J. BROWN
United States District Judge

12 - OPINION AND ORDER